[No. 14657. Department Two. September 10, 1918.]

D. C. HOFFMAN, *Respondent,* v. J. M. SCHNATTERLY, *Appellant.*[1]

PLEADING—REPLY—AMENDMENT—DISCRETION. It is discretionary, under Rem. Code, § 303, to permit amendment of the reply after the first trial of the case.

APPEAL—REVIEW—HARMLESS ERROR. Whether a case was regularly set for trial is immaterial where the party had notice and appeared with his counsel and witnesses and had a trial.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 3, 1917, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*Plummer & Lavin,* for appellant.

*L. K. Deller,* for respondent.

MOUNT, J.—This action was brought upon a promissory note. After issues were joined, the case was tried to the court without a jury. The court thereupon took the case under advisement, and, while he was considering it, the plaintiff filed a motion for leave to amend

[1]Reported in 175 Pac. 30.

the reply. This motion was granted, and the case was afterwards assigned for retrial. The defendant's attorneys did not appear at the time for the retrial and a default judgment was entered. Afterwards this default, by consent of the court and all the parties, was set aside and the case reset for trial. Defendant moved to vacate the setting upon the ground that the case was not set for trial in accordance with the rules of the court. This motion was denied and the case was retried, and resulted in findings of fact and judgment in favor of the plaintiff. The defendant has appealed.

He argues, first, that the court erred in permitting an amendment of the reply after the first trial of the case. The amendment of the reply was a matter entirely within the discretion of the trial court. Rem. Code, § 303. It is not claimed that this discretion was abused.

Appellant next argues that the case was not regularly noted to be set for trial in accordance with the rules of court. Whether it was regularly noted or not is entirely immaterial. The appellant had notice of the time and place of the trial. He appeared with his counsel and his witnesses and a trial was had. There is no showing that any prejudice resulted by reason of the fact that the case was not regularly noted to be set for trial.

The two points above considered are the only points made by the appellant in his brief. It is plain that no prejudicial error was committed by the trial court upon either of these points.

The judgment is therefore affirmed.

MAIN, C. J., CHADWICK, HOLCOMB, and MACKINTOSH, JJ., concur.